UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDITH S. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:06-CV-469 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff Judith S. Brooks's Application for Attorneys Fees Pursuant to 42 U.S.C. § 406(b).

**I.    BACKGROUND**

On January 3, 2007, the Plaintiff filed her Complaint [Doc. 3] in this matter requesting review of a decision by the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"), denying the Plaintiff's application for disability benefits. On March 26, 2008, the Court entered a Judgment [Doc. 23] reversing and remanding the Commissioner's decision to deny disability benefits. Thereafter, the Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA") [Doc. 23], requesting an award of $7,983.65 plus costs, to which the Commissioner responded in opposition [Doc. 31].

On November 7, 2008, this Court issued a Report and Recommendation [Doc. 37] recommending that the Plaintiff be awarded attorney's fees in the amount of $5,196.00 rather than the amount requested. After evaluating the Plaintiff's request using the lodestar method, the Court determined that the hourly rate requested by the Plaintiff was not consistent with the hourly rate awarded pursuant to the EAJA in this district [Doc. 37 at 15-16]. In addition, the Court found that given the routine nature of the case, compensation for the number of hours requested would be excessive, and the Court recommended that the Plaintiff's attorney be compensated for only 28.1 hours of attorney time. [Doc. 37 at 11-15].[1]

On November 3, 2008, the Plaintiff filed a document entitled "Notice of Motion for Attorney Fees," [Doc. 35], in which she submitted that she would appear before this Court to pursue an award of attorney fees under 42 U.S.C. § 406(b). The Government treated this document as a motion and responded in opposition on January 9, 2009. [Doc. 44]. On January 23, 2009, the Plaintiff filed a reply brief, which alerted the Court to a mistake in the Notice of Award issued by the Commissioner in this case. [Doc. 46]. The Court gave the Plaintiff leave to re-file her request for attorney fees after the Notice of Award had been corrected, and on June 15, 2009, the Plaintiff filed an "Application for Attorney Fees Pursuant to 42 U.S.C. § 406(b)," [Doc. 35], which this Court will treat as a motion for attorney fees. The Commissioner responded in opposition to the motion [Doc. 57], and on July 17, 2009, the Plaintiff made her final reply [Doc. 58].

Accordingly, the Court finds that this matter is now ripe for adjudication, and for the reasons more fully explained below, the Court finds that the Plaintiff's motion is well-taken, and it

---

[1]The 28.1 hours represented the attorney's work on the case in chief. Report and Recommendation also recommended awarding 5.4 hours for preparing a response to the Commissioner's opposition to the Plaintiff's EAJA fee request.

2

**RECOMMENDED** that it be **GRANTED**, to the extent it seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). However, the Court also finds that an award in the amount of $20,000 would be unreasonable, and instead **RECOMMENDED** that the Plaintiff be awarded $11,240.00 in attorney fees, pursuant to 42 U.S.C. § 406(b).

**II.     ANALYSIS**

Two subsections of Section 406 are relevant to the issues currently before the Court. Section 406(a), which governs "fees for representation before Commissioner of Social Security[,]" provides:

> Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1). Section 406(b)(1)(A), which governs attorney fees, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1).

Pursuant to these subsections, "a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court," for the work performed before it. Horenstein v. Sec'y of Health and Human Serv., 35 F.3d 261, 262 (6th Cir.1994). Section "406(b)'s language does not exclude contingent-fee contracts that produce fees no higher than the

3

25 percent ceiling." Gisbrecht v. Barnhart, 535 U.S. 789, 800 (2002). However, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

The Court of Appeals for the Sixth Circuit has directed that deductions for large fees are permissible under § 406(b) in only two circumstances: (1) those occasioned by improper conduct or ineffective assistance of counsel and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). Where neither of these circumstances applies "an agreement for a 25% fee, the maximum permitted under . . . 42 U.S.C. § 406(b), is presumed reasonable." Hayes v. Sec'y of Health and Human Serv., 923 F.2d 418, 421 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

In Hayes v. Secretary of Health and Human Services, the Court of Appeals further directed that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." Hayes, 923 F.2d at 422. If the rate requested is above this doubled rate, "the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees." Id. For example, the court may consider, "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Id.[2]

---

[2]In her reply brief, the Plaintiff argued, "Hayes is a 1990 case and as such is overturned by Gisbercht v. Barnhart, 535 U.S. 789, which is a 2002 case." [Doc. 58 at 3]. Plaintiff's statement about the sequence of these cases does not support her conclusion that Gisbercht overturned Hayes. To the contrary, Gisbercht simply addressed the interaction between § 406(b) and private contingency agreements and did not overrule the analysis outlined in Hayes. Hayes

4

There have been no allegations of improper conduct or ineffective assistance on the part of Plaintiff's counsel. Instead the Court is analyzing this matter under the second circumstance identified in Hayes, whether there was a "windfall."

In proceeding through the windfall analysis, the Court first notes that there is at least some discrepancy regarding the standard rate for work performed in this case. The Commissioner submits that the standard rate for such work in this market is $200.00 per hour, [Doc. 57 at 5], and the Commissioner submits the affidavit of Dale L. Buchanan, an attorney with extensive experience handling Social Security cases in the Eastern District of Tennessee, [Doc. 57-1], in support of this rate. While the current rate for such work may be $200 per hour, the Court finds that the majority of the work in this case was performed two years ago, and as the Court reasoned in its previous Report and Recommendation, a reasonable fee for worked performed in 2007 would be $154 and a reasonable fee for worked performed in 2008 would be $159, [Doc. 37 at 15]. Nonetheless, the Court recognizes that in its previous Report and Recommendation it was working within the statutory constraints of the EAJA. Thus, because the Commissioner presents no objection to rates that do not exceed $200 per hour and relying upon Mr. Buchanan's thorough affidavit, the Court will apply $200 per hour as the standard rate of compensation for its calculations under § 406(b).

In the present case, the Plaintiff requests a $20,000.00 attorney fees award pursuant to § 406(b). In the Plaintiff's request for fees under EAJA, the Plaintiff's counsel requested compensation for 42.1 hours counsel spent working on the Plaintiff's case in chief, but this Court recommended that counsel be compensated for only 28.1 of these hours. [Doc. 37]. If either of these

---

remains good law within the Sixth Circuit. See Ellul v. Comm. of Soc. Sec., 2009 WL 2568548 (E.D. Mich. 2009 August 18, 2009) (applying Hayes); Jones v. Comm. of Soc. Sec, 2009 WL 2169239 (S.D. Ohio July 17, 2009) (applying Hayes).

5

totals is divided into $20,000.00, the result is a rate that is twice the standard rate for such work in the relevant market. If counsel were credited with 42.1 hours of work, the rate would be $475.06 per hour, or 37% above the Hayes calculation, and if counsel was credited with 28.1 hours of work the rate would be $711.74 per hour, or 156% above the Hayes calculation. Because the request when divided by the hours worked is above the threshold outlined in Hayes, it is possible that this request would result in a windfall, and the Court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees. Hayes, 923 F.2d at 422.

The Commissioner argues that the Court should adopt the reasoning contained in the previous Report and Recommendation, which found that only 28.1 of the hours that counsel stated she spent on this case were reasonable. The Commissioner contends that, "[f]or the Court to proceed in a consistent and uniform manner in its § 406(b) analysis, logic would dictate that the same number of attorney hours reasonably expended in this case for the purpose of calculating Plaintiff's EAJA fee would also apply in the analysis used in determining the § 406(b) fee." [Doc. 57 at 6].

The Court agrees that the reasons for reducing the number of hours requested to 28.1 apply equally to this second request for attorney fees. The Government argues that the Plaintiff waived any objection to the previous Report and Recommendation by failing to make a timely objection. [Doc. 57 at 5]. However, Plaintiff's counsel maintains that she did not receive a copy of the Report and Recommendation until July 7, 2009. [Doc. 58 at 2]. The timeliness of any objections to the Report and Recommendation is a decision to be left to the District Court, and therefore, the Court has not interpreted the failure of Plaintiff's counsel to object as consent to this Court's recommendation. Nonetheless, the Court stands by its reasoning and again submits that based upon

6

a thorough review of the Itemization submitted in this case, comparison to analogous cases in this District, the routine nature of the case, and pertinent case law, a request for compensation for 42.1 hours of work is excessive, and it would be reasonable to compensate Plaintiff's counsel for, at most, 28.1 hours of work. [Doc. 37 at 14]. Further, the Court's previous analysis of the reasonableness of the request, [Doc. 37 at 11-15], is incorporated herein by reference.

Accordingly, the Court finds that the requested award of $20,000.00 would compensate Plaintiff's counsel at a rate of $711.74 per hour, or more than three times the *current* standard rate for such work in this district. The Court finds that such compensation would constitute a windfall notwithstanding the fact that this case was taken on a contingency basis. Instead, the Plaintiff should be awarded a fee of $11,240.00. This award would be the equivalent of 28.1 hours of work compensated at a rate of $400.00 per hour, a rate of compensation meant to reflect that this case was taken on a contingency basis by doubling the *current* standard fee in this district.

## III. CONCLUSION

Therefore, this Court **RECOMMENDS** that the Plaintiff's Motion [Doc. 53] be **GRANTED IN PART**, and Plaintiff's counsel be awarded a fee of **$11,240.00**, rather than the requested fee of $20,000.00. Finally, the Court also **RECOMMENDS**[3] that "Plaintiff's Reply to Defendant's

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

Response to Plaintiff's Notice of Motion for Attorney Fees Pursuant to U.S.C. 406(b) and Request for Time to Submit Papers to Confirm Plaintiff's Reply," which has been docketed as a motion, **[Doc. 46]**, be **DENIED AS MOOT** because the relief sought therein has been addressed by this Report and Recommendation and previous orders of the Court.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge